

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 6, 1959

Mr. C. A. Meroney, Chairman                    Opinion No. WW-539
Texas State Board of Public Accountancy
Perry-Brooks Building                          Re: "Is a person who is styled
Austin 1, Texas                                    or known as a CPA or as
                                                   a Certified Public Account-
                                                   ant required to hold a per-
                                                   mit to practice public ac-
                                                   countancy regardless of
                                                   whether or not such person
                                                   is engaged in the practice
                                                   of public accountancy?"
Dear Mr. Meroney:                                  and related question.

In your letter of November 13, 1958, you ask the opinion of this office
on the following questions:

"(1) Is a person who is styled or known as a CPA or as a
     Certified Public Accountant required to hold a per-
     mit to practice public accountancy regardless of
     whether or not such person is engaged in the practice
     of public accountancy?

"(2) What procedure should the Board follow when issuing
     a permit to a certified public accountant who has not
     in the past been required to obtain a permit, should
     your answer to the foregoing question be 'yes'?"

We respectfully submit the answers to your questions as follows:

Although it is clear that a permit to practice public accountancy is
not required under Section 8 of Article 41a, known as the Public Accountancy
Act, unless a person is engaged in the "practice of public accountancy", as
defined in Section 2 of the Act, it is equally clear that in order for a person
to hold himself out or use the terms "certified public accountant" or "C.P.A.",
he must have first obtained a certificate of certified public accountancy and
a valid permit to practice public accountancy as required by Section 16,
quoted below:

"Sec. 16. Use of Name 'Certified Public Accountant' --
Abbreviations. Any person who has received from the Board

a Certificate of Certified Public Accountant and holds a
valid permit to practice, shall be styled and known as a
'Certified Public Accountant' and may also use the abbre-
viation 'C.P.A.'. No other person except partnerships
registered under this Act, shall assume or use that title
or abbreviation or any other title, sign, card or device
tending to imply that the person using the same is a certi-
fied public accountant." (Emphasis ours)

In Board of Insurance Commissioners of Texas v. Guardian Life
Insurance Company of Texas, 142 Tex. 630, 180 S.W.2d 906, at 909, 1944,
it is stated:

"Where the language of a statute is unambiguous,
and its meaning is clear, the statute must be given ef-
fect according to its terms, and 'we are not at liberty
to speculate upon the intention of the Legislature in its
enactment.' . . ."

Since the above mentioned Section 16 is clear in its requirements,
and there are no conflicting provisions which allow a party to use the title
"Certified Public Accountant" or "C.P.A." without having first obtained a
permit to practice accounting, no room is left for interpretation of the
statute, and its clear mandate must be followed. Whether or not a person
is using the title "Certified Public Accountant" or "C.P.A." or holding him-
self out as such, is, of course, a fact question which is left to the determina-
tion of the Board of Public Accountancy.

In regard to your second question, Section 9 of Article 41a of Ver-
non's Civil Statutes states that a person may renew his permit to practice
within the first year of its lapse by payment of the past dues and a penalty.
As to this requirement, the Board has no discretion and may not waive
either the dues or the penalty. If the permit holder does not reinstate his
permit within the first year after its lapse, he can only renew the permit by
application and examination satisfactory to the Board of Public Accountancy.
See the third paragraph of Section 9, quoted below:

"Failure of any permit holder to pay the annual
registration renewal fee on or before January 31st of
each year shall automatically cancel his permit. Any
permit holder whose permit shall have been cancelled
because of failure to pay the annual registration renewal
fee may secure reinstatement of his permit at any time

within that calendar year upon payment of the delinquent registration fee together with a penalty of Two Dollars and Fifty Cents ($2.50). After expiration of the calendar year for which the registration fee was not paid, no permit shall be reinstated except upon application and examination satisfactory to the Board. The Board shall have no authority to waive the collection of any fee or penalty."

The above provision would similarly apply to a person who has never been required to obtain a permit in the past.

## SUMMARY

A person who is styled or known as a C.P.A. or as a Certified Public Accountant is required to hold a permit to practice public accountancy, regardless of whether or not such person is engaged in the practice of public accountancy. The Board of Public Accountancy should follow Section 9, quoted in the opinion, in issuing a renewal permit or in issuing a permit where one has not heretofore been required by the Board

Yours very truly,

WILL WILSON
Attorney General of Texas

MD:ci:ls

By *Martin De Stefano*
Martin DeStefano
Assistant

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Marietta Payne
Cecil C. Cammack, Jr.
Morgan Nesbitt
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert